UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRENDAN ROBINSON**<br>    **LA. DOC #537779**<br>VS. | **CIVIL ACTION NO. 3:14-cv-2604**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **CHAD LEE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Brendan Robinson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 27, 2014.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Caldwell Correctional Center, but when he filed this suit he was housed at the Franklin Parish Detention Center (FPDC). He sues FPDC's Warden Chad Lee claiming that Lee failed to protect him from violence at the hands of other inmates.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in DOC custody. On May 18, 2014, he was incarcerated at FPDC. On that day he witnessed a verbal confrontation between a white inmate named Justin McQuellan and several other African-American inmates in F-Dorm. Plaintiff, who is an African American, attempted to "defuse" the situation; however, the other inmates threatened him with bodily harm for trying to protect "a white boy."

Plaintiff discovered that "several inmates [were] waiting on him with weapons [to] carry out the harmful mission." A Corrections Officer ordered the F-Dorm inmates to "get ready for chow" and the inmates lined up and awaited the opening of the main door to proceed to the dining area.

While in the hallway, plaintiff was assaulted by four inmates brandishing "shanks" or knives. Plaintiff was armed with a lock "for protection." Inmates Boudreaux and Wheaton attempted to stab plaintiff in the hallway. Inmate Malden pulled plaintiff back inside F-Dorm "in the nick of time as he was just barely able to avoid being stabbed." The inmates in D-Dorm began to "rattle the security doors leading to the hallway" and managed to overpower the security system and muscle the door open. According to plaintiff, "[a] full fledged riot followed."

When Boudreaux and Wheaton approached plaintiff with their shanks, plaintiff retaliated by striking Boudreaux across the head and face several times with his lock. Plaintiff fled and was stabbed in the back by one of the attackers. Shortly after, Lt. Bush arrived, surveyed the situation and ordered all inmates to go to chow. Plaintiff's four assailants, using the side door, hid out in D-Dorm until chow time was over. Plaintiff was escorted to the prison infirmary where he received 6 staples to close the wound in the upper right area of his back.

Plaintiff faults Warden Lee, Lt. Bush, and the corrections officers for "malfeasance in upholding a safe security protected facility..."; allowing "the physical force of a group of inmates over powering electronic operated doors open..." to "bring bodily harm" to plaintiff.

Plaintiff seeks compensation for constant pain and mental distress.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Failure to Protect*

Plaintiff complains that the defendants failed to protect him from violence at the hands of fellow inmates. Plaintiff's right to protection from inmate violence is governed by the Eighth Amendment's prohibition of cruel and unusual punishment and is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under that standard, a prison official is not

liable for failing to protect an inmate unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to prevail plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton: "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that the defendants were guilty of deliberate indifference with regard to the complained of altercation between plaintiff and his four assailants. Nothing suggests that these defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether there was a

4

"substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot). Here plaintiff alleged no facts to suggest that the attack on him was at all foreseeable; indeed, he himself implied that the assault was unforeseeable. Inmates are unlikely to recover under Section 1983 for injuries sustained in an isolated assaults unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated <u>and clearly well-founded claims of danger</u>. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the attack. The facts alleged do not demonstrate that the defendants inferred that plaintiff was at risk of an event such as the one complained of. Finally, as noted above, it does not appear that the attack was a foreseeable consequence of any violations of prison policy. Therefore, plaintiff's failure to protect claim fails to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 14, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**